UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEVEN VOSBURGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-060 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| FRALEY & SCHILLING, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

In this case, Plaintiff alleges that he was discriminated against and unlawfully discharged in violation of USERRA. Now before the Court are various discovery disputes that have arisen amongst the parties. The parties appeared before the undersigned telephonically on November 25, 2013, to address these matters. The Court has heard and considered the parties' positions, and for the reasons more fully stated herein, the parties' respective requests for relief are **GRANTED IN PART** and **DENIED IN PART**.

### A. Re-deposing Andrew Schilling and Kimberly Mays

The Plaintiff submits that he propounded a First Request for Production of Documents on Defendant prior to the depositions of Andrew Schilling and Kimberly Mays. The First Request sought any and all communications – including emails – regarding Plaintiff's employment with the Defendant. Defendant did not object to the First Request and produced emails in response to

the First Request. Counsel for the Plaintiff travelled from Franklin, Tennessee, to Knoxville, Tennessee, to complete the depositions of Mr. Schilling and Ms. Mays on November 4 and November 5, 2013. On November 8, 2013, Defendant produced approximately fifty pages of emails regarding the Plaintiff. Plaintiff moves the Court to allow his counsel to re-depose Mr. Schilling and Ms. Mays and to order the Defendant to pay the fees and expenses incurred in reconvening the depositions.

Defendant does not dispute the timeline described by the Plaintiff. Counsel for the Defendant submits that the Defendant inadvertently failed to produce the emails. Defendant has agreed to re-deposing Mr. Schilling and Ms. Mays and has agreed to pay for three hours of Plaintiff's counsel's time at a rate of $350.00 per hour.

The remaining dispute amongst the parties is where the supplemental depositions should take place. Mr. Schilling resides in or around Knoxville, Tennessee. Ms. Mays resides in or around Rushville, Indiana. Counsel for the Plaintiff submits that he has already travelled to Knoxville, and the fairest solution would be to order the Defendant to produce these witnesses at his office in Franklin, Tennessee. Defendant maintains that the depositions should be taken in Knoxville and Rushville.

The Court finds, first, that counsel for the Defendant did not intentionally withhold the emails that were produced to counsel for the Plaintiff after the depositions of Mr. Schilling and Ms. Mays. Therefore, the Court has weighed the need to allow Plaintiff an opportunity to supplement its discovery in light of the recently-disclosed emails, against the need to avoid imposing sanctions that discourage parties from supplementing their discovery responses. Defendant has agreed to compensate the Plaintiff for an hour of counsel's time for preparation and an hour of counsel's time for each of the two depositions. Defendant, as stated above, has

not agreed to compensate Plaintiff for any travel time by counsel, and similarly, Defendant has not agreed to taking the supplemental depositions in Franklin, Tennessee.

The Court finds that taking the supplemental depositions in Knoxville, Tennessee is an appropriate compromise. Accordingly, and absent an agreement to the contrary, the parties are **ORDERED** to take the depositions of Mr. Schilling and Ms. Mays in Knoxville, Tennessee, at a mutually agreeable time. Notwithstanding, the parties are **FURTHER ORDERED** to consider the option of taking the depositions – specifically, that of Ms. Mays – via videoconference, to save Plaintiff's counsel from travelling to Knoxville. If the parties are unable to reach an agreement to take the depositions by videoconference, the Defendant is **ORDERED** to pay Plaintiff the agreed upon three hours of fees *plus* **$150.00 in expenses**. In either scenario, the parties are **ORDERED** to split any court-reporter fee. Finally, the parties are **ORDERED** to complete these supplemental depositions on or before **January 31, 2014**.

### B.    Re-deposing Plaintiff

The Defendant moves the Court to allow it to re-depose the Plaintiff with regard to his damages claim. The Defendant maintains that Plaintiff's Rule 26 initial disclosures and responses to interrogatories provided only a vague recitation of Plaintiff's expected damages. Defendant states that Plaintiff could not testify to his damages at his deposition. Defendant argues that it is entitled to a specific calculation of damages and, if Plaintiff fails to provide a calculation, he should be precluded from presenting evidence of damages at trial.

Plaintiff responds that the Plaintiff will not be in a position to calculate his damages until his counsel has had an opportunity to depose a corporate representative about pay calculations. Plaintiff submits that he is not trained to make such calculations. Counsel for the Plaintiff

3

concedes that Plaintiff is not a candidate for front pay, and counsel has agreed to provide a more detailed statement of damages. Counsel for the Plaintiff represented that Plaintiff does not plan to retain a damages expert.

The Court finds that the Plaintiff is required under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure to provide a computation of each of his categories of damages. Moreover, the Plaintiff should have provided such information in response to Defendant's interrogatories. The Court finds that the Plaintiff has not yet complied with his obligation to provide a computation of damages. Accordingly, the Plaintiff is **ORDERED** to provide a computation of his lost wages and benefits damages, which counsel estimates are $15,000.00, and to state the basis for such damages. Plaintiff shall supply this computation to the Defendant on or before **January 24, 2014**.

The Defendant's request that Plaintiff be ordered to sit for a supplemental deposition is **DENIED**, at this time. The Defendant may notice a supplemental deposition on damages closer to trial, if it truly is needed for trial preparation, but the Court finds that the supplemental interrogatory answer on the computation of damages will fulfill the Defendant's need for information about damages at this juncture.

C.     **Plaintiff's Request for Production Regarding Other Employees' Performance**

In his deposition, Mr. Schilling testified that Plaintiff was terminated because of "an accumulation of events." Mr. Schilling said that Plaintiff was the "least reliable driver" that had worked at the terminal in Alcoa, Tennessee, during his tenure, and that Plaintiff had problems with "not being available." In Plaintiff's Second Request for Production of Documents, as amended, Plaintiff seeks employment files of all of the drivers whom Mr. Schilling supervised at

4

the Alcoa terminal. In his Third Request for Production, Plaintiff requests production of "any and all communications" from Mr. Schilling discussing disciplinary issues, tardiness, "failure to secure a load properly" or any driver's performance issues.

Plaintiff asserts that this information is necessary to determine if there is a factual basis for Mr. Schilling's contention that the Plaintiff was the "least reliable driver." Additionally, Plaintiff maintains that such information would show if performance issues with military personnel were treated differently than performance issues from non-military personnel.

Defendant responds that the Plaintiff's Second Request, even in its amended form, is overly broad, unduly burdensome, and not appropriately limited in time. Defendant submits that the personnel files at issue contain sensitive and private information pertaining to third parties. Defendant maintains that much of the information is not relevant to Plaintiff's claim. Defendant argues that the Second Request should be limited in time to the period in which both Mr. Schilling was a supervisor – November 2010 to the present – *and* Plaintiff was employed at the Alcoa terminal – June 2011 through April 2012. Defendant objects to the Third Request on the same basis.

The Court finds that the Second Request should be narrowed, and to the extent the Third Request for Production overlaps with the Second Request, it will also be limited. Accordingly, Defendant is **ORDERED** to respond to produce emails and personnel-action documents for the period of **November 2010 through April 2012** relating to other drivers' disciplinary issues, tardiness, or reliability. Defendant shall produce these documents on or before **January 24, 2014**.

**D.     Information About Defendant's Server**

Finally, Plaintiff moves the Court to order the Defendant to disclose "information" about the Defendant's server. Plaintiff asserts that this information is relevant because it may demonstrate whether an entry in Defendant's personnel management system relating to Plaintiff's performance was modified. Plaintiff asserts he needs to know the type of server Defendant has to determine how such information is achieved.

Defendant replies that Plaintiff's request for production on this issue requested that Defendant produce any and all user manuals for its servers, rather than identifying the type of server. Defendant has agreed to identify the type of server it uses, and it suggested that an attempt to supply metadata from the personnel management system may be an easier route for obtaining the information Plaintiff seeks.

The Court finds that identifying the server and supplying any metadata that exists[1] to the Plaintiff is appropriate and is preferable to supplying user manuals to the Plaintiff. Accordingly, Defendant is **ORDERED** to identify its server to Plaintiff's counsel and supply any metadata to counsel for the Plaintiff on or before **January 24, 2014.**

**IT IS SO ORDERED**.

ENTER:

　/s H. Bruce Guyton
United States Magistrate Judge

---

[1] If no metadata exists, the Defendant shall state the same in writing.