UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEVEN VOSBURGH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRALEY & SCHILLING, INC., ) <br> ) <br> Defendant. ) <br> ) | No. 3:13-CV-060 <br> (VARLAN/GUYTON) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. In this case, Plaintiff alleges that he was discriminated against and unlawfully discharged in violation of USERRA. The parties appeared for a telephone conference on January 24, 2014, to address two discovery disputes. Attorney Joseph Napiltonia appeared on behalf of the Plaintiff. Attorney Timothy McConnell appeared on behalf of the Defendant.

In regards to the first discovery dispute, the Plaintiff moves the Court to allow him to re-depose Andrew Shilling about information relating to comparators and comparator data. By way of background, the Court entered an Order [Doc. 18] on December 12, 2013, that, pursuant to the parties' agreement, the Plaintiff would be allowed to re-depose Mr. Shilling on or before January 31, 2014. The Plaintiff had requested to re-depose Mr. Shilling on the bases that the Defendant had produced approximately fifty pages of e-mails regarding the Plaintiff after Mr. Shilling's deposition had been taken. In its Order, the Court observed that in light of the recently-disclosed e-mails, the Plaintiff would need the opportunity to supplement its discovery. In the instant

matter, the parties do not dispute that Mr. Shilling may be re-deposed, rather, the parties dispute whether Mr. Shilling may be questioned about comparators and comparator data.

The Defendant maintains that this information could have, and should have, been sought prior to Mr. Shilling's original deposition. The Defendant states that had the Plaintiff done so, he could have questioned Mr. Shilling about this information during the deposition. Defendant further states that because the need for such information should have been known to Plaintiff's counsel prior to the original deposition, counsel's failure to request it does not open the door for Mr. Shilling to be re-deposed on this matter.

The Plaintiff responds that while comparator information may be relevant in USERRA cases, such is not the case every time. Plaintiff submits that the comparator information at issue here was not relevant to this case until the Defendant produced the recently disclosed e-mails which were produced after Mr. Shilling's deposition. Plaintiff maintains that because the parties have already agreed that Mr. Shilling may be re-deposed, the Defendant should not be allowed to dictate what questions Plaintiff may ask.

The Court finds that due to the late nature of the discovery in this case, the Plaintiff will not be limited in scope to the types of questions he may or may not ask Mr. Shilling during the next deposition. The Court also finds that that parties have agreed to move the deadline for re-deposing Mr. Shilling from January 31, 2014, to February 28, 2014. Accordingly, the Court **GRANTS** the Plaintiff's request to depose Mr. Shilling about information regarding comparators and comparator data, and the supplemental deposition shall take place on or before **February 28, 2014**.

Next, the Defendant requests that the Court enter a protective order in this case to protect certain confidential information. In particular, the Defendant seeks to protect individuals'

personal information and personnel files, trade secrets, proprietary business information, and other similar confidential business information. The Defendant has submitted a copy of the proposed protective order to the Court and the Plaintiff for review.

The Plaintiff objects to the proposed protective order as written, maintaining that the order provides a blanket statement allowing Defendant and its counsel to decide what is confidential. In addition, Plaintiff states that the order makes it burdensome for the Plaintiff to acquire certain information if the Plaintiff does not believe such information is confidential.

After careful review of the proposed protective order, the Court finds the order to be appropriate and reasonable. Moreover, the Court observes that if the Plaintiff believes certain information is not confidential, the Plaintiff has redress by bringing the issue before the Court. Accordingly, the Court **GRANTS** the Defendant's request to enter a protective order.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge